IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-356-5-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MORLAYE SYLLA | ) | |

This cause comes before the Court on defendant's motion to suppress. A hearing on the motion was held before the undersigned on May 30, 2018, at Raleigh, North Carolina. For the reasons that follow, defendant's motion to suppress is denied.

## BACKGROUND

Defendant is charged by way of indictment with conspiracy to traffic in contraband cigarettes in violation of 18 U.S.C. § 2342. In this motion, defendant challenges his identification by a co-conspirator but not co-defendant, Alpha Diallo. Diallo[1] previously pleaded guilty and agreed to cooperate with the government. During a March 20, 2017, debrief which followed Diallo's guilty plea, Internal Revenue Service, Criminal Investigation Division Agent Jennifer Velez showed Diallo six single photographs showing six individuals and Diallo identified three individuals from those photographs. During the debrief, Diallo was asked to describe the driver of a tractor trailer that had approximately two years earlier stopped at Diallo's storage unit in Raleigh to load and transport boxes of cigarettes. Diallo described a short, dark-skinned black male in his forties as the driver. After that description, Agent Velez showed Diallo a single photograph of who agents knew to be defendant, and Diallo identified defendant as the driver of

---

[1] Ibrahima Diallo is a co-defendant of this defendant but references herein to "Diallo" are to Alpha Diallo.

that tractor trailer from that photograph. Diallo also identified a photograph of the cab of defendant's tractor trailer as being the tractor trailer that had been loaded with cigarettes at Diallo's storage unit. Diallo stated that defendant's co-defendants Jalloh and Barry were also at the storage facility on that occasion, that they had all met there during the day, that Diallo and defendant both stood outside the storage unit watching while boxes of cigarettes were being loaded on to the tractor trailer, and that approximately fifteen minutes passed while the boxes of cigarettes were being loaded. Agent Velez testified that defendants Jalloh and Barry have confirmed Diallo's information regarding this particular occasion loading boxes of cigarettes from Diallo's storage unit on to a tractor trailer. Agent Velez testified that Diallo is 6'4" tall and that defendant is reported to be between 5'9" and 5'11" tall.

Defendant seeks to suppress any out of court identification of defendant or his tractor trailer and any subsequent in court identifications of defendant or his tractor trailer by Diallo. Defendant contends that the identification procedure used was inherently suggestive and created a substantial risk of misidentification.

## DISCUSSION

Due process principles protect criminal defendants from the use of impermissibly suggestive identifications. *United States v. Saunders*, 501 F.3d 384, 389 (4th Cir. 2007). In order to determine whether a challenged identification should be suppressed, a court engages in a two-step analysis. First, the defendant "must prove that the identification procedure was impermissibly suggestive." *Holdren v. Legursky*, 16 F.3d 57, 61 (4th Cir. 1994) (citing *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977)). If it was not, the inquiry ends. If it was impermissibly suggestive, then "the court must determine whether the identification was nevertheless reliable under the totality of the circumstances." *Id.* The exclusion of identification testimony is a drastic sanction which is

2

reserved for evidence which is manifestly suspect. *Harker v. State of Md.*, 800 F.2d 437, 443 (4th Cir. 1986).

The government, without conceding the initial inquiry, *but see United States v. Johnson*, 114 F.3d 435, 441 (4th Cir. 1997) (Supreme Court has consistently questioned use of single photograph for pretrial identification), focuses its argument on the reliability of the identification under the totality of the circumstances, and the Court thus focuses its analysis there as well.

> Factors used in assessing reliability include: (1) witness' opportunity to view the perpetrator at the time of the crime; (2) the witness' degree of attention at the time of offense; (3) the accuracy of witness' prior description of the perpetrator; (4) the witness' level of certainty when identifying the defendant as the perpetrator at the time of the confrontation; and (5) the length of time between the crime and the confrontation.

*Johnson*, 114 F.3d at 441.

Here, Diallo had ample opportunity to view defendant and there is no evidence which would suggest that Diallo's attention was elsewhere or that he was so distracted while the boxes of cigarettes were being loaded on to the truck that he did not have an opportunity to view defendant, who was out of the tractor trailer while the boxes were being loaded. Diallo's description of defendant was generally accurate, including his description of defendant as short as Diallo would stand up to seven inches taller than defendant. There is no evidence which would suggest that Diallo had difficulty identifying defendant or his tractor trailer from the photographs. The factor weighing most against the reliability of the identification is the length of time that passed between Diallo's encounter with defendant and the identification, but during the encounter at the storage unit Diallo had approximately fifteen minutes within which to view defendant under circumstances which were not highly stressful.

3

Even assuming, without deciding, that the identification procedure employed was impermissibly suggestive, the Court finds that the totality of the circumstances supports that Diallo's identification both of defendant and his tractor trailer were nevertheless reliable.

### CONCLUSION

Defendant's motion to suppress [DE 100] is DENIED.

SO ORDERED, this __/__ day of June, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE